THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN AYALA MOLINA, Defendant and Appellant.

No. 6519. Argued April 20, 1937.—Decided May 25, 1937.

*Amador Ramírez Silva* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Ramón Ayala Molina was convicted of mayhem on Ramón Irizarry Martínez, rendering useless the left arm of the latter. The defendant appealed from the judgment and also from the order overruling a motion for new trial.

Dr. Lassise was testifying on the nature of the wound and during the examination of the witness, Ramón Irizarry Martínez was presented to the jury and his wound exhibited. Exception was taken to this presentation and error assigned. We agree with the appellee that this bit of demonstrative evidence was well within the normal development of the prosecution's case. It is only when such evidence is unnecessarily introduced for the purpose of affecting the jury that the court should hesitate in tolerating it. The wound itself, its situation and character, were appropri-

ate for the consideration of the jury. *People* v. *Quintana,* 50 P.R.R. 60, cited by appellant does not help him. The court in the present case took care to warn the jury from merely being affected by the wounds, but that the jury should only consider them in connection with the technical and anatomical explanation of the doctor. Wigmore, section 1152 *et seq.*

■■ The second assignment relates to the refusal of the court to permit evidence tending to impeach the veracity of the complaining witness. The nature of the excluded testimony was with respect to statements made by him inconsistent with his testimony in court. No foundation by examining complaining witness as to the said alleged inconsistent statements was laid, as required by section 245 of the Code of Criminal Procedure (1902), and we find no error. This the appellant concedes, but attempts to say that the manifestations of the complaining witness were in the nature of a confession or an admission. Confessions and admissions proceed from a defendant and not from a prosecuting witness. Therefore, the only possible objection was the one we have discussed.

■ We hold that is was not error to admit, in rebuttal, the Bristol calendar, locally well known. Appellant concedes that well-known books and works of science may be resorted to, and the Bristol calendar is sufficient to prove the phases of the moon as in the present case. The court may take judicial notice of the phases of the moon. Underhill, Criminal Evidence, sec. 54, page 64. It was incumbent on appellant to show that the scientific fact was otherwise.

The fourth assignment complains of the weighing of the evidence by the court. It was the jury that weighed in this case and the error was not well assigned. There was sufficient evidence on which to base a verdict.

We agree with the appellee that no error was shown in the instructions and that no specific objections were made.

The motion for a new trial was properly overruled in the discretion of the court as it covered no error not heretofore discussed.

The judgment and order should be affirmed.